UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JERRY W. SMITH,                            Civ. No. 09-0293 (JRT/JSM)

              Plaintiff,

v.

UNIVERSITY OF MINNESOTA        **ORDER ADOPTING THE REPORT**
MEDICAL CENTER-FAIRVIEW        **AND RECOMMENDATION OF THE**
RIVERSIDE, DR. DAVID GUTH,         **MAGISTRATE JUDGE**
MINNESOTA BOARD OF MEDICAL
PRACTICE, AND HELEN PATRIKUS,
Medical Regulations Analyst, Claim
Review Unit,

              Defendants.

Jerry W. Smith, 915 11th Avenue South Suite 5, Hopkins, MN 55343, plaintiff *pro se*;

Kelly A. Putney and David A. Turner, **BASSFORD REMELE, P.A.**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707 for defendants University of Minnesota Medical Center and Dr. Guth.

Daphne A. Lundstrom and Kermit N. Fruechte, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for defendant Minnesota Board of Medical Practice and Helen Patrikus.

This matter is before the Court on plaintiff's objections to the Report and Recommendation issued by United States Magistrate Judge Janie S. Mayeron on July 14, 2010. (Docket No. 79.) After *de novo* review of those portions of the Report and Recommendation to which plaintiff objects, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn.

LR 72.2(b), the Court overrules the objections, adopts the Report and Recommendation, and grants defendants' Motion to Dismiss for the reasons stated below.

## BACKGROUND

Plaintiff Jerry W. Smith ("Smith") brought a complaint against the University of Minnesota Medical Center-Fairview Riverside Campus ("Riverside"), Dr. David Guth ("Guth"), the Minnesota Board of Medical Practice ("MBMP"), and Helen Patrikus ("Patrikus") alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights under the U.S. Constitution; Article 1, §§ 2, 5, 7, 8, and 11 of the Minnesota Constitution; Minnesota Statute § 363.03, subdivision 1; 42 U.S.C § 2000c-1; the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; 29 U.S.C. § 794; 42 C.F.R. § 482.13; 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; and claims of gross negligence and intentional and negligent infliction of emotional distress. (Smith Compl. ¶¶ 21-22, Docket No. 1.)

Smith's complaint arises out of his voluntary commitment to Riverside on July 25, 2008 for treatment of depression and post-traumatic stress disorder. (*Id.* ¶ 5.) Smith alleges that Guth allowed unauthorized persons to witness his treatment without his consent, refused to write a letter on his behalf to a federal judge in Kansas explaining his whereabouts and inability to attend a deposition, and discharged him against his best interests on August 6, 2008. (*Id.* ¶¶ 8-17.)[1] As a result, Smith alleges he had to be re-

---

[1] The Court recites the facts only to the extent necessary to rule on the specific objections to the Report and Recommendation. The Magistrate Judge's Report and Recommendation provides a full explanation of the facts. (Docket No. 79.)

hospitalized at Regions Hospital in St. Paul from August 10 to September 4, 2008. (*Id.* ¶ 17.) Additionally, the court in Kansas dismissed Smith's action due to his failure to attend the scheduled deposition. (*Id.* ¶ 18.) Smith further alleges that he filed a formal complaint against Riverside and Guth with the MBMP – handled by Patrikus – which did not conduct a thorough investigation and subsequently dismissed his complaint. (Am. Compl. ¶ 25-26.)

Defendants filed a Motion to Dismiss (Docket No. 6) and the Magistrate Judge issued a Report and Recommendation recommending that the Court grant the motion as to all claims against all defendants. (Docket No. 79.) Smith now broadly objects to portions of the Report and Recommendation. (Docket No. 82.)

## DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to file a motion to dismiss for "lack of jurisdiction over the subject matter." In determining whether jurisdiction exists, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). It is the plaintiff's burden to establish that jurisdiction exists. *Id.* If the motion to dismiss under Rule 12(b)(1) is based on a deficiency in the pleadings, the "standard of review is the same standard we apply in Rule 12(b)(6) cases." *Stalley v. Catholic Health Initiatives,* 509 F.3d 517, 521 (8th Cir. 2007). If the motion to dismiss is based on a factual deficiency, the Court can consider matters outside the pleadings,

including the merit of the underlying claims, and the non-moving party **does not** have the benefit of 12(b)(6) procedural safeguards. *Osborn*, 918 F.2d at 729. If the Court finds that jurisdiction is not present, it is obligated to dismiss the matter. Fed. R. Civ. P. 12(h); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999).

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Emps. v. Burlington N. Santa Fe R.R.,* 270 F.3d 637, 638 (8th Cir. 2001). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. *Id.* (internal quotation marks omitted).

A *pro se* plaintiff is owed a liberal reading of his pleadings to account for his lack of legal training. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleading must still allege sufficient facts to meet the standards for the claims involved. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Smith's Objections to the Report and Recommendation

#### 1. Subject Matter Jurisdiction as the Primary Determination

Smith objects that the Report and Recommendation makes a jurisdictional determination prior to a determination on the merits. (Smith Obj. at 2, Docket No. 82 ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").) For a federal court to hear a case, it must have subject-matter jurisdiction – either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. A court must decide jurisdiction before making a determination on the merits of a case since "[w]hen it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction." *Melo v. United States*, 505 F.2d 1026, 1030 (8th Cir. 1974). The law is clear that "no case can properly go to trial if the court is not satisfied that it has jurisdiction." *Osborn*, 918 F.2d at 729 (citing *Crawford v. United States,* 796 F.2d 924, 928 (7th Cir. 1986)). Therefore, the Magistrate Judge was correct in first determining whether the Court has jurisdiction.

#### 2. Facial and Factual Subject Matter Jurisdiction Analysis

Smith objects that the Magistrate Judge did not take the factual allegations in his complaint as true. (Smith Obj. at 3, Docket No. 82.) For purposes of determining jurisdiction, a court must determine if the jurisdictional question lies on the face of the pleadings or in the facts asserted. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). The approach for each instance is different and the court has the

discretion to determine which is appropriate. *Id.* at 891 n.16. Therefore, where the Magistrate Judge used a factual approach to the jurisdictional question, Smith is not owed the presumption of truthfulness and his objection fails.

The Magistrate Judge approached each of Smith's claims with attention to whether the pleadings or the facts were the appropriate elements to answer the jurisdictional question. (Report and Recommendation at 9-10, Docket No. 79.) Smith objects to this approach as inappropriately parsing out his complaint. (Smith Obj. at 6, Docket No. 82.) However, this separation of claims based on factual inquiry or facial inquiry, and the accompanying shifting of burdens for the plaintiff and defendant is well-settled judicial practice. *Mortensen*, 549 F.2d at 891 n.16 ("That the district court is free to determine facts relevant to its jurisdiction has long been clear." (citing *Wetmore v. Rymer*, 169 U.S. 115, 120 (1898))).

To summarize, in determining whether the Court has jurisdiction on each of Smith's claims, those that can be determined on the pleadings deserve the presumption of truthfulness and defendants' bear the burden; for those more appropriately assessed on the underlying factual allegations, there is no presumption of truthfulness and Smith bears the burden of proving jurisdiction is appropriate. In the former situations, the standard is that Smith "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. In the latter cases, the Court may look at the facts asserted that underlie the jurisdictional claims. *Osborn*, 918 F.2d at 729. The Court has the discretion as to which approach is appropriate. *Mortensen*, 549 F.2d at 891 n.16. The Magistrate Judge engaged in a proper inquiry regarding the Motion to Dismiss, viewing the *pro se*

plaintiff's pleadings liberally, and the Court finds no basis to overturn the Report and Recommendation.

### 3. Claims Dismissed with Prejudice

Smith broadly objects to the Magistrate Judge's findings as a matter of law that Fairview is not a state actor (Smith Obj. at 8, Docket No. 82; Report and Recommendation at 21-25, Docket No. 79), that Smith is not entitled to attorney's fees (Smith Obj. at 13, Docket No. 82; Report and Recommendation at 26, Docket No. 79), and that Smith does not have standing in his claims against MBMP and Patrikus for failure to state a redressable injury (Smith Obj. at 15, Docket No. 82; Report and Recommendation at 31-34, Docket No. 79). After careful consideration, the Court finds that the case law is sufficiently determinative and Smith has not presented adequate arguments to sustain such objections.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Smith's objections [Docket No. 82] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated July, 2010 [Docket No. 79]. **IT IS HEREBY ORDERED** that:

1. Defendants University of Minnesota Medical Center-Fairview-Riverside Campus and Dr. David Guth, D.O.'s Motion to Dismiss Amended Complaint [Docket No. 36] is **GRANTED** as follows:

      a.      Defendants' Motion to Dismiss Plaintiff's claims under 42 U.S.C. §§ 1981, 1985, 1986; 42 U.S.C. §§ 12101, *et seq.*; 29 U.S.C. § 794; Article 1, §§ 2, 5, 7, 8 and 11 of the Minnesota Constitution; and Minnesota Statute § 363.03, subd. 1 is **GRANTED** and the claims are **DISMISSED WITHOUT PREJUDICE;** and

      b.      Defendants' Motion to Dismiss Plaintiff's claims under the First, Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution; 42 U.S.C. § 1983; 42 U.S.C. § 1988; 42 U.S.C. § 2000cc-1; and 42 C.F.R. § 482.13 is **GRANTED** and the claims are **DISMISSED WITH PREJUDICE**.

    2.    Defendants Minnesota Board of Medical Practice and Helen Patrikus' Motion to Dismiss Amended Complaint [Docket No. 53] is **GRANTED**. Smith's Amended Complaint as to the Minnesota Board of Medical Practice and Helen Patrikus is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 30, 2010  
at Minneapolis, Minnesota.

                                                          _____s/ John R. Tunheim_____  
                                                             JOHN R. TUNHEIM  
                                                             United States District Judge